UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TYREES C. WHITEHEAD,

       Plaintiff,

v.                                      Civil Action No. 3:07cv283

JAMES CUFFEE, *et al.*,

       Defendants.

## MEMORANDUM OPINION

Plaintiff Tyrees C. Whitehead, a federal inmate proceeding *pro se*, filed this action

pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388

(1971), alleging violations of his right to due process.[1] He claims the Defendants conspired to

engage in blackmail, extortion, and threats, forcing him to participate in the Bureau of Prisons'

("BOP") Inmate Financial Responsibility Program ("IFRP").[2]

Defendants James Cuffee, K.F. Kiddy, and E. Brown have filed a Motion to Dismiss or,

In the Alternative, for Summary Judgment. (Docket No. 34.) In order to consider a more

---

[1] "No person shall . . . be deprived of life, liberty, or property, without due process of law . . ." U.S. Const. amend. V. Although Whitehead cites the Fourteenth Amendment in his Complaint, the Fifth Amendment due process clause applies to his claim, as a federal prisoner suing federal employees.

[2] Plaintiff includes in support of his due process claim an allegation that Defendant Kiddy ordered that Plaintiff be placed in segregation for 21 days in 2001. (Compl. ¶ 7J.) To the extent that Plaintiff intends to state a separate claim for this allegation, the statute of limitations has run, and the claim is barred. *See* Va. Code Ann. § 8.01-243(A) (two-year statute of limitations for personal injury actions); *Owens v. Okure*, 488 U.S. 235 (1989) (holding that federal courts should apply the applicable state general personal injury statute of limitations in § 1983 actions); *Montgomery v. Johnson*, No. 7:05CV131, 2008 WL 4452465, at *3 (W.D. Va. Sept. 27, 2008) ("Federal civil rights actions under *Bivens* . . . are governed by the statute of limitations for personal injuries in the state where the tortious act occurred.").

complete record, the Court considers the motion one for summary judgment. Defendants

contend that the action must be dismissed because Plaintiff failed to exhaust administrative

remedies, because Plaintiff failed to state a claim for a constitutional violation, and because

Defendants are entitled to qualified immunity. Plaintiff filed a response on May 13, 2008.

(Opp'n Def.'s Mot. Summ. J. ("Pl.'s Opp'n").) (Docket No. 38.) Plaintiff also filed a Motion

for Summary Judgment on May 13, 2008. (Docket No. 39.)[3] Defendants' Motion for Summary

Judgment is ripe for adjudication. Because a hearing would not aid the decisional process, none

will be conducted.

## I. Standard of Review

Summary judgment under Rule 56 is appropriate only when the Court, viewing the record

as a whole and in the light most favorable to the nonmoving party, determines that there exists no

genuine issue of material fact and that the moving party is entitled to judgment as a matter of

law. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Once a party has properly filed evidence supporting

the motion for summary judgment, the nonmoving party may not rest upon mere allegations in

the pleadings, but must instead set forth specific facts illustrating genuine issues for trial.

---

[3] Plaintiff's Motion for Summary Judgment fails to comply with Local Rule 56, which
requires that "[e]ach brief in support of a motion for summary judgment shall include a
specifically captioned section listing all material facts as to which the moving party contends
there is no genuine issue and citing the parts of the record relied on to support the listed facts as
alleged to be undisputed." Local Civ. R. 56(B). In the interest of justice, the Court will consider
the exhibits Plaintiff filed in support of his Motion for Summary Judgment as supporting his
opposition to Defendants' Motion for Summary Judgment. This appears to have been Plaintiff's
intention, as he refers to exhibits attached to his Memorandum in Support of his Motion for
Summary Judgment (Docket No. 40) as "attached hereto" his Opposition to Defendants' Motion
for Summary Judgment. (Pl.'s Opp'n 3 ("See J&C Order; pages 3-4 attached hereto.").) (Docket
No. 38.)

2

*Celotex,* 477 U.S. at 322-24. These facts must be presented in the form of exhibits and sworn affidavits. Fed. R. Civ. P. 56(c).

A court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 255. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia Dev. Corp. v. Calvert County,* 48 F.3d 810, 818 (4th Cir. 1995). Nonetheless, the nonmoving party is entitled to have "'the credibility of his evidence as forecast assumed.'" *Miller v. Leathers,* 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (*quoting Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir. 1979)). Ultimately, the court must adhere to the affirmative obligation to bar factually unsupportable claims from proceeding to trial. *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987) (*citing Celotex,* 477 U.S. at 323-24).

In support of their motion for summary judgment, Defendants submitted the sworn declaration of Lynnell Cox and pertinent BOP records kept in the course of BOP's regularly conducted business. (Docket No. 35.) Plaintiff responded by submitting a memorandum of law in opposition. (Docket No. 38.) *See United States v. White,* 366 F.3d 291, 300 (4th Cir. 2004) (emphasizing that unsworn argument does not constitute evidence), *cert. denied,* 127 S. Ct. 553 (2006). Plaintiff's Memorandum in Support of his Motion for Summary Judgment (Docket No. 40) has been sworn under penalty. He has offered no sworn affidavit or verified complaint. The Court will therefore consider that memorandum "the equivalent of an opposing affidavit for summary judgment purposes," provided that the allegations contained therein meet the requirement of Federal Rule of Civil Procedure 56(e). *Williams v. Griffin,* 952 F.2d 820, 823 (4th Cir. 1991) (citing cases). In this regard, the verified allegations "must be made on personal knowledge . . . and show that the affiant is competent to testify on the matters stated." Fed. R.

3

Civ. P. 56(e)(1). For example, "[t]he absence of an affirmative showing of personal knowledge of specific facts" precludes the consideration of such facts in conducting the summary judgment analysis. *Antonio v. Barnes*, 464 F.2d 584, 585 (4th Cir. 1972).

Here, Plaintiff's sworn Memorandum in Support of his Motion for Summary Judgment contains only legal conclusions and assumptions about Defendants' mental states, of which Plaintiff would have no personal knowledge. Most significantly, the sworn Memorandum does not contain any facts relating to Defendants' exhaustion defense. In light of the foregoing principles and submissions, the Court articulates the following facts for purposes of this motion for summary judgment.

## II. Findings of Fact

1.  Plaintiff was convicted in October 1992 on charges of conspiracy, armed bank robbery, aiding and abetting, and use of a firearm during the commission of a felony. Plaintiff received a sentence of 420 months of imprisonment, which he began serving in October 1993. (Cox Decl. ¶¶ 3, 5.)

2.  Plaintiff was also ordered to pay a special assessment of $250.00 and restitution of $6,500.00. (Cox Decl. ¶ 4.)

3.  Plaintiff completed payment of the special assessment in September 1996. (Cox Decl. ¶ 6.) He currently owes $3,858.31 on his restitution obligation. (Cox Decl. ¶ 7.)

4.  From September 1999 until March 2004, Plaintiff participated in the IFRP. Quarterly payments of $25.00 were withdrawn from his inmate account. (Gov't Ex. 2.)

5.  On October 13, 2004, Plaintiff signed a new Inmate Financial Contract, agreeing to the withdrawal of $50.00 per month from his inmate account, to be put toward his restitution

4

obligation. (Cox Decl. ¶ 10; Gov't Ex. 3.) From December 2004 through February 2007, monthly payments of $50.00 were withdrawn from his inmate account. (Gov't Ex. 2.)

6.    On August 19, 2005, Plaintiff filed a request for an administrative remedy with the Warden at FCI Petersburg, stating that he did not want to participate in the IFRP. (Cox Decl. ¶ 17; Whitehead Exs. B, C.) The request was rejected for two reasons. First, he did not comply with the page limit requirements.[4] Second, he failed to attempt informal resolution of the matter first, or he failed to provide the necessary evidence of the attempt. (Cox Decl. ¶ 17; Whitehead Ex. D.) Plaintiff was informed that he could resubmit the request in the proper form within ten days of the date of the rejection notice. (Cox Decl. ¶ 17; Whitehead Ex. D.) Plaintiff did not resubmit the request. (Cox Decl. ¶ 17.)

7.    In February 2007, Plaintiff signed a new Inmate Financial Contract, agreeing to the withdrawal of $100.00 per month from his inmate account. (Gov't Ex. 3.) From March 2007 through August 2007, monthly payments of $100.00 were withdrawn from his inmate account, excepting May 2007, when $81.69 was withdrawn. (Gov't Ex. 2.)

8.    On April 25, 2007, Plaintiff filed a request for an administrative remedy with the BOP's Mid-Atlantic Regional Office, stating that the calculation of his restitution payments was incorrect. The request was rejected for three reasons. First, he submitted his request to the wrong level or wrong office. Second, he failed to first file an administrative remedy through his institution for the Warden's review and response before filing with the Regional Office. Third, he did not attempt informal resolution of the matter first, or he

---

[4] Whitehead's administrative complaint included three so-called continuation pages. (Whitehead Ex. B.) BOP regulations limit prisoners to a single continuation page in support of their administrative complaint. 28 C.F.R. § 542.14(c)(3).

failed to provide necessary evidence of the attempt. Plaintiff did not resubmit the request at the institution level for the Warden's review. (Cox Decl. ¶ 18.)

9.      On August 23, 2007, Plaintiff signed a new Inmate Financial Contract, agreeing to the withdrawal of $65.00 per month from his inmate account. (Gov't Ex. 3.) From September 2007 through December 2007, monthly payments of $65.00 were withdrawn from his inmate account. In March 2008, $55.68 was withdrawn from his inmate account. (Gov't Ex. 2.)

### III. Analysis

The Prison Litigation Reform Act ("PLRA") requires that federal prisoners suing under *Bivens* must exhaust inmate grievance procedures, just as state prisoners must exhaust available administrative processes prior to instituting a § 1983 suit. 42 U.S.C. § 1997e(a);[5] *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Generally, in order to satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has stated that Section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "so that the agency addresses the issues on the merits," *id.* (internal parentheses omitted) (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). A prisoner must exhaust administrative remedies even where the available remedies would appear to be futile at providing the remedy sought. *Booth v. Churner*, 532 U.S. 731, 740 (2001). Thus,

---

[5] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

the applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S.

199, 218 (2007).

The BOP provides the following administrative process:

First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the regional director of the BOP. 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. *Id.* An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

*McDaniel v. Driver*, No. 5:07CV133 (STAMP), 2008 WL 4279463, at *3 (N.D. W. Va. Sept. 17,

2008).

Plaintiff pursued administrative remedies as to the subject matter of the instant suit, his

allegedly forced participation in the IFRP, on two occasions. However, the undisputed record

shows that he failed to complete the exhaustion of administrative remedies on each occasion.

This constitutes a basis for dismissal of the Complaint. *Tucker v. Sawyer*, No. 2:01CV408, 2001

WL 34780351 (E.D. Va. Aug. 6, 2001); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th

Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from

pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.").

Plaintiff's August 15, 2005 administrative complaint was rejected for two independent reasons:

excess continuation pages, and failure to provide evidence of an attempt at informal resolution.[6]

---

[6] Plaintiff's August 15, 2005 Request for Administrative Remedy mentions that he had attempted resolution with his unit case manager and not received a response. (Whitehead Ex. C.) However, nothing on the nearly illegible "Administrative Remedy Attempt at Informal Resolution" form Whitehead submitted in evidentiary support of this contention indicates that prison personnel ever received it. (Whitehead Ex. A.)

The rejection notice informed Plaintiff that he could resubmit his appeal in proper form within ten days. Whitehead neither disputes this fact, nor proffers any excuse for his failure to cure the defects and resubmit his complaint. The April 25, 2007 administrative remedy request was filed with the wrong office and therefore did not constitute a proper invocation of the administrative remedy process. *Woodford*, 548 U.S. at 90 ("Proper exhaustion [under § 1997e(a)] demands compliance with an agency's deadlines and other critical procedural rules. . . ."); *see also Jernigan*, 304 F.3d at 1033 (concluding inmate did not exhaust available remedies when he failed to take advantage of opportunity to fix grievance that was rejected for procedural reason). Whitehead does not dispute this fact. Therefore, the Court finds that administrative remedies remained "available" to Plaintiff within the meaning of the PLRA, and that he failed to exhaust those remedies. His suit is barred. 42 U.S.C. § 1997e(a).

Even if the Court were to find that Plaintiff had properly exhausted inmate grievance procedures, his claims lack merit. The substance of his allegations that Defendants conspired to "coerce" him into participating in the IFRP consists of actions taken based on BOP regulations explicitly promulgated to impose loss of certain privileges for failure to participate in the IFRP. *See* Complaint ¶ 5 (alleging that Defendants threatened "A change in housing from the preferred two-man cell . . . to restrict Plaintiff's commissary spending allowance to $25.00 monthly, to restrict work pay to $5.25 . . . and raise his custody level" so as to threaten his transfer from FCI Petersburg). None of these alleged "threats" involve loss of privileges that implicate a protected liberty interest that could form the basis for a due process claim. The first three "threats" have been adopted as the BOP's official "[e]ffects of non-participation" in the IFRP program. *See* 28

8

C.F.R. § 545.11(d).[7] "Where . . . BOP officials act in accordance with the IFRP, no due process violations occur." *Williams v. Farrior*, 334 F. Supp. 2d 898, 904 (E.D. Va. 2004). No due process protections exist against the threatened loss of prison employment or facility placement, and enforcement of IFRP requirements is reasonably related to legitimate penological interests. (*Id.*)

The final allegation, that Defendants threatened to raise Plaintiff's custody level so he would be transferred "to a prison distant from Richmond, Virginia" (Compl. ¶ 5), also does not rise to the level of a due process violation. *See Montanye v. Haymes*, 427 U.S. 236, 242-43 (1976) (finding no basis for invoking the protections of the Due Process Clause for transfer to a different prison facility, because prisoners have "no right to remain at any particular prison facility and no justifiable expectation that he [or she] would not be transferred unless found guilty of misconduct"). Thus, even if Plaintiff had properly exhausted his claims, Defendants would be entitled to summary judgment because the BOP regulations simply outline privileges

---

[7] 28 C.F.R. § 545.11(d) states in relevant part:

Refusal by an inmate to participate in the financial responsibility program or to comply with the provisions of his financial plan ordinarily shall result in the following:

(3)     The inmate will not receive performance pay above the maintenance pay level, or bonus pay, or vacation pay;

. . . .

(6)     The inmate shall be subject to a monthly commissary spending limitation more stringent than the monthly commissary spending limitation set for all inmates. This more stringent commissary spending limitation for IFRP refuses shall be at least $25 per month . . . ;

(7)     The inmate will be quartered in the lowest housing status (dormitory, double bunking, etc.). . . .

9

removed when an inmate chooses not to participate in the IFRP. These regulations do not implicate due process concerns.

### IV.  Conclusion

For the foregoing reasons, the Court shall GRANT Defendants' Motion for Summary Judgment. (Docket No. 34.)  Plaintiff's Motion for Summary Judgment shall be DENIED. (Docket No. 39.)  Accordingly, the Complaint will be DISMISSED.  (Docket No. 1.)

An appropriate Order shall issue.

                                                          /s/
                                                  M. Hannah Lauck
                                              United States Magistrate Judge

Richmond, Virginia
Date:  3/5/09